UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JASON COTTLE; SAIMA MILLER; and JAMES MILLER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ASSOCIATED CREDIT SERVICE, INC.,<br><br>Defendant. | NO: 2:16-CV-155-RMP<br><br>ORDER REGARDING MOTIONS FOR SUMMARY JUDGMENT |

BEFORE THE COURT are Defendant's Motion for Summary Judgment, ECF No. 25, and Plaintiffs' Motion for Summary Judgment, ECF No. 28. The Court has reviewed the motions, the record, and is fully informed.

## BACKGROUND

Plaintiffs filed this suit pursuant to provisions of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692*o*. Specifically, Plaintiffs allege violations of 15 U.S.C. § 1692e generally, then separately allege violations of subsections (5) and (9) of the same, and 15 U.S.C. § 1692f. In relation to the parties' respective

ORDER REGARDING MOTIONS FOR SUMMARY JUDGMENT ~ 1

motions for summary judgment, the facts are largely undisputed.[1] Defendant filed writs of garnishment in relation to debts allegedly owed by Plaintiffs. *See* ECF No. 29. Defendant then sent copies of the writs of garnishment that were stamped as having been filed in court to Plaintiffs, and the copies sent to Plaintiffs contained their full un-redacted social security numbers ("SSNs"). However, the writs of garnishment that were filed in court did not contain Plaintiffs' SSNs. The SSNs were added only to the copies that were sent to Plaintiffs and relevant banking/financial institutions.[2]

## ANALYSIS

The moving party is entitled to summary judgment when there are no disputed issues of material fact when all inferences are resolved in favor of the

---

[1] Defendant subsequently requested an opportunity to amend its Answer and certain discovery responses in order to contest the nature of Plaintiffs' debts. *See* ECF No. 44. However, in light of the following analysis, the Court need not rule on this issue.

[2] This suit originally alleged that Defendant had improperly filed Plaintiffs' SSNs in public court documents. *See* ECF No. 1. Plaintiffs' counsel only amended the Complaint after Defendant filed a counter-claim seeking sanctions pursuant to FED. R. CIV. P. 11 due to Plaintiffs' counsel's failure to conduct an "inquiry reasonable under the circumstances . . . ."

ORDER REGARDING MOTIONS FOR SUMMARY JUDGMENT ~ 2

non-moving party. *Northwest Motorcycle Ass'n v. United States Dep't of Agric.*, 18 F.3d 1468, 1471-72 (9th Cir. 1994); FED. R. CIV. P. 56(c). If the non-moving party lacks support for an essential element of their claim, the moving party is entitled to judgment as a matter of law regarding that claim. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). At the summary judgment stage, the Court does not weigh the evidence presented, but instead determines whether it supports a necessary element of the claim. *See id*. To prevail at the summary judgment stage, a party must establish that a fact cannot be genuinely disputed and that the adverse party cannot produce admissible evidence to the contrary. FED. R. CIV. P. 56(c). Once the moving party has met their burden, the non-moving party must demonstrate that there is probative evidence that would allow a reasonable jury to find in their favor. *See Anderson v. Liberty Lobby*, 477 U.S. 242, 251 (1986).

"There are three threshold requirements for an FDCPA claim: '(1) the plaintiff must be a "consumer"; (2) the defendant must be a "debt collector"; and (3) the defendant must have committed some act or omission in violation of the FDCPA.'" *Gonzalez v. Law Office of Allen Robert King*, 195 F.Supp.3d 1118, 1126 (C.D. Cal. 2016) (quoting *Robinson v. Managed Accounts Receivables Corp.*, 654 F.Supp.2d 1051, 1058 (C.D. Cal. 2009)). Defendant conceded that the first two elements are met, but disputes the third element. "In this circuit, a debt collector's liability under § 1692e of the FDCPA is an issue of law." *Gonzales v.*

1 *Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1061 (9th Cir. 2011) (footnote omitted)

2 (citing *Terran v. Kaplan*, 109 F.3d 1428, 1432 (9th Cir. 1997)).

3 The Court addresses each of Plaintiffs' claims individually.

**Count 1: Violation of 15 U.S.C. § 1692e**

Prior to listing specific prohibited conduct, 15 U.S.C. § 1692e generally states that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." This suit is based entirely on Plaintiffs' argument that Defendant made a "false, deceptive, or misleading representation" by providing Plaintiffs with copies of writs of garnishment showing their un-redacted social security numbers and with stamps showing that the writs had been filed in court. However, the actual copies that were filed in court did not contain Plaintiffs' SSNs. Throughout their pleadings, Plaintiffs argue that they were misled to believe that their SSNs had been filed publicly in court documents.

The Court recognizes that "[w]e are not . . . to read the language from the perspective of a savvy consumer, and consumers are under no obligation to seek explanation of confusing or misleading language in debt collection letters." *Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1062 (9th Cir. 2011) (citing *Fields v. Wilber Law Firm, P.C.*, 383 F.3d 562, 566 (7th Cir. 2004)). In this case, however, Plaintiffs' assertion was not based on any false, deceptive, or misleading representation. Instead, Defendant simply added a SSN as a personal identifier on

the copies of the writs that were sent to Plaintiffs. The fact that Plaintiffs interpreted that addition to mean their SSNs were publicly disclosed does not establish that they were impermissibly misled in violation of the FDCPA.

In relation to a different claim, Plaintiffs cite the definition of "copy" as: "[a]n imitation or reproduction of an original." ECF No. 28 at 13. The Court finds that pursuant to that definition, Plaintiffs were provided "copies" of the writs of garnishment filed in court; the fact that Plaintiffs' copies also contained a personal identifier that would enable them to see that the writ pertained to them does not result in the conclusion that Defendant used a "false, deceptive, or misleading representation or means" to collect a debt.

Assuming, arguendo, that Defendant had falsely represented that the exact copies that were provided to Plaintiffs, including their SSNs, were filed in court, the Court must assess materiality. The Court notes that "false but non-material representations are not likely to mislead the least sophisticated consumer and therefore are not actionable under §§ 1692e or 1692f." *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1033 (9th Cir. 2010). "In assessing FDCPA liability, we are not concerned with mere technical falsehoods that mislead no one, but instead with genuinely misleading statements that may frustrate a consumer's ability to intelligently choose his or her response." *Id*. at 1034.

Although Plaintiffs repeatedly allege how distressed they were at receiving the writs of garnishment, Plaintiffs have failed to demonstrate how Defendant's

ORDER REGARDING MOTIONS FOR SUMMARY JUDGMENT ~ 5

actions would "frustrate a consumer's ability to intelligently choose his or her response." Plaintiffs argue that the mistaken belief that SSNs were publicly disclosed could intimidate and coerce compliance with whatever a debt collector demands. Viewing the communications from the perspective of the least sophisticated consumer, the Court finds Plaintiffs' speculative argument is unavailing.

**Count 2: Violation of 15 U.S.C. § 1692e(5)**

Subsection five of 15 U.S.C. § 1692e prohibits "[t]he threat to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5). Plaintiffs argue that "upon receipt of the court pleading containing their social security number, even if the consumer did not think that their private information had already been publicly exposed, he or she may reasonably interpret it as a threat to do so." ECF No. 28 at 11. Plaintiffs correctly argue that "a threat need not be express: it can be implied." *Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1064 (9th Cir. 2011). However, the Court finds no such implication here. The Court declines to impose liability pursuant to the FDCPA due to Plaintiffs' alleged interpretation, because Defendant's conduct, viewed in the eyes of the least sophisticated consumer, could not reasonably be interpreted as a "threat to take any action that cannot legally be taken."

Plaintiffs also argue that 15 U.S.C. § 1692e(5) "is not merely limited to threats but also to actions that debt collectors are not legally able to take." ECF No. 28 at 12. Plaintiffs cite to Washington state law to argue:

> RCW § 6.27.130(1) provides that "[w]hen a writ is issued under a judgment, . . . the judgment creditor shall mail or cause to be mailed to the judgment debtor . . . a *copy* of the writ . . . ." RCW § 6.27.130(1) (emphasis added). If the language of this statute is to have any import, "copy" must be interpreted to mean a true and accurate copy. *See also* Copy, Black's Law Dictionary (10th ed. 2014) ("An imitation or reproduction of an original"). Here, when Defendant mailed Plaintiffs the writs of garnishment, it cannot be said that Defendant mailed true and accurate copies, given that they were altered from the original to include the social security numbers. By acting in contradistinction to the law—namely, RCW § 6.27.130(1)—Defendant took an action it could not legally take in violation of 15 U.S.C. § 1692e(5).

ECF No. 28 at 13 (footnote omitted).

If the Court accepts Plaintiffs' argument, that a "copy" must be a "true and accurate copy," a "true copy" is defined as "[a] copy that, while not necessarily exact, is sufficiently close to the original that anyone can understand it." *Copy*, BLACK'S LAW DICTIONARY (10th ed. 2014). If a "copy" is identical in every way to an original except a personal identifier has been added (a SSN in this case), the Court finds that the copy is "sufficiently close to the original that anyone can understand it," consistent with it being a "true copy." Therefore, the Court finds that "copies" of the writs of garnishment were provided to Plaintiffs, and accordingly, the Court rejects Plaintiffs' argument that Defendant "took an action it could not legally take."

ORDER REGARDING MOTIONS FOR SUMMARY JUDGMENT ~ 7

**Count 3: Violation of 15 U.S.C. § 1692e(9)**

In support of their third cause of action, Plaintiffs allege that "Defendant used documents—the writs of garnishment—which falsely represented to be authorized, issued, and approved by the state court. Defendant included the file-stamp on the copies that were sent to Plaintiffs, where those copies were not accurate copies of what was actually filed with the court." ECF No. 28 at 14. Subsection nine of 15 U.S.C. § 1692e prohibits "[t]he use or distribution of any written communication which simulates or is falsely represented to be a document authorized, issued, or approved by any court, official, or agency of the United States or any State, or which creates a false impression as to its source, authorization, or approval." 15 U.S.C. § 1692e(9).

The Court has reviewed the relevant documents, which explicitly state: "This writ is issued by the undersigned attorney of record for plaintiff under the authority of **Chapter 6.27 RCW**, and must be complied with in the same manner as a writ issued by the clerk of the court." ECF Nos. 29-1 at 3 and 29-2 at 3 (emphasis in original). Despite this clear statement of the source of these documents, and the presence of stamps confirming that the documents were filed with a court, rather than issued by a court, Plaintiffs argue that Defendant gave the "false impression of court approval." ECF No. 28 at 14. Plaintiffs' claim is premised on their assertion that "[t]he inclusion of the consumer's social security number in documents that appear to be approved by the court 'could make the least

ORDER REGARDING MOTIONS FOR SUMMARY JUDGMENT ~ 8

sophisticated consumer feel even further out of his league and convince him to concede his case rather than to pursue other litigation strategies.'" *Id.* (quoting *Schendzielos v. Borenstein*, No. 15-CV-00564-RBJ, 2016 WL 614473, at *6-7 (D. Colo. Feb. 16, 2016)).[3] Plaintiffs' speculative claim is belied by the documents themselves, and the Court finds that Plaintiffs have failed to support their claim brought pursuant to 15 U.S.C. § 1692e(9).

**Count 4: Violation of 15 U.S.C. § 1692f**

Plaintiffs also bring a claim under 15 U.S.C. § 1692f, which states that: "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." This section contains a non-exhaustive list of specifically prohibited behavior, none of which is relevant here. Plaintiffs seek to expand the scope of 15 U.S.C. § 1692f to cover Defendant's actions in this matter.

Plaintiffs assert that in response to being made to believe that their SSNs had been filed in court, "[u]nsophisticated consumers, already vulnerable to pressure and intimidation, and now faced with the intimidating daunting task of debt collection and court proceedings, may feel coerced into simply ceding to the debt collector's demands instead of exploring other available defense options." ECF

---

[3] In addition to relying heavily on out-of-circuit authority that does not bind this Court, Plaintiffs' counsel has included certain citations in a way that overstates the legal support for his claims.

ORDER REGARDING MOTIONS FOR SUMMARY JUDGMENT ~ 9

No. 28 at 17. Plaintiffs' assertion is another speculative attempt to infer wrongdoing from the possibility that a debt collector's practices may intimidate unsophisticated consumers. Debt collection practices that are entirely consistent with the requirements of the FDCPA may still cause intimidation due to the very nature of debt collection. Plaintiffs have failed to demonstrate how Defendant's actions that allegedly caused Plaintiffs to believe their SSNs had been filed in court were "unfair or unconscionable." Therefore, Plaintiffs are unable to establish a violation of 15 U.S.C. § 1692f.

## Conclusion

The Court finds that there is no genuine issue of material fact regarding Defendant's actions in this matter, and the Court enters summary judgment in favor of Defendant on all of Plaintiffs' claims.

## Pending motions

Defendant requested an opportunity to amend its answers to part of the Amended Complaint and certain discovery requests to make amendments that pertained to the nature of Plaintiffs' alleged debts. ECF No. 44. In light of the foregoing analysis, Defendant's request has been rendered moot.

Plaintiffs also sought to certify a class based on their allegations, but this request is now moot as well.

/ / /

/ / /

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Motion for Summary Judgment, **ECF No. 25**, is **GRANTED**.

2. Plaintiffs' Motion for Summary Judgment, **ECF No. 28**, is **DENIED**.

3. Plaintiffs' Motion for Class Certification, **ECF No. 36**, is **DENIED AS MOOT**.

4. Defendant's Motion for Order Authorizing Defendant to Amend Answers, **ECF No. 44**, is **DENIED AS MOOT**.

5. All other pending motions, if any, are **DENIED AS MOOT**.

The District Court Clerk is directed to enter this Order, provide copies to counsel, **enter judgment in favor of Defendant**, and **close this case**.

**DATED** June 23, 2017.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
United States District Judge

ORDER REGARDING MOTIONS FOR SUMMARY JUDGMENT ~ 11